UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DYLAN GRIFFIN,                )
                              )
        Plaintiff,             )
                              )    CAUSE NO. 3:17-CV-612 RLM
    vs.                       )
                              )
JULIE LAWSON, *et. al.*,      )
                              )
        Defendants.            )

OPINION AND ORDER

Dylan Griffin, a *pro se* prisoner, filed a complaint against Deputy Collins for verbally harassing him at the St. Joseph County Jail. The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-603 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. "A document filed *pro se* is to be liberally construed, and a *pro se*

1

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Griffin, an inmate at the St. Joseph County Jail, complains that at various times throughout July and August 2017, Deputy Collins made verbal threats and racial slurs towards him. Deputy Collins has (according to the complaint, which is all that is in the record) called Mr. Griffin, "White Trash," "Cracker," and threatened to beat him up. Statements such as those alleged in Mr. Griffin's complaint are despicable, but they didn't violate Mr. Griffin's constitutional rights because words generally alone don't trigger constitutional protections. See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

This complaint doesn't state a claim upon which relief can be granted. It doesn't appear that Mr. Griffin could state a claim even if he filed an amended complaint, but the court will let him try. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). If he decides to file an amended complaint, he should get a blank

copy of this court's complaint form from the law library and write the cause number for this case in the caption on the first page.

As a final matter, Mr. Griffin again moves for leave to proceed *in forma pauperis*. This second motion is unnecessary as the record reflects that he has already been granted leave to proceed *in forma pauperis*. ECF 3.

For the these reasons, the court:

(1) DENIES AS MOOT the motion (ECF 6) for leave to proceed *in forma paupers*; and

(2) GRANTS Dylan Griffin to and including November 13, 2017, to file an amended complaint.

If Mr. Griffin doesn't respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: October 16, 2017

           /s/ Robert L. Miller, Jr.
           Judge,
           United States District Court